UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YASSAR J. LINARES,

                   Movant,

       -against-

UNITED STATES OF AMERICA,

                  Respondent.

22-CV-4032 (LTS)
10-CR-996-1 (RWS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Movant Yassar J. Linares, who currently resides in Florida, brings this *pro se* motion

under 28 U.S.C. § 2255 challenging the legality of his sentence entered in *United States v.*

*Linares*, No. 10-CR-996-1 (RWS) (S.D.N.Y. Jan. 27, 2012). For the following reasons, the Court

directs Linares to file a declaration within sixty days of the date of this order showing cause why

this motion should not be denied.

**STANDARD OF REVIEW**

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his

conviction or sentence on the grounds that it violates the Constitution or United States law, was

imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral

attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court

has the authority to review and deny a Section 2255 motion before directing an answer "[i]f it

plainly appears from the motion, any attached exhibits, and the record of prior proceedings that

the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see*

*Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe

*pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*."

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks

and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Linares pleaded guilty to conspiracy to commit robbery and using and carrying a firearm during and in relation to a robbery. By judgment entered January 27, 2012, Linares was sentenced to 70 months in prison and three years of supervised release.[1] (ECF 1: 10-CR-996-1, 71.) Linares challenges the legality of his sentence based on *United States v. Davis*, 139 S. Ct. 2319 (2019), in which the Supreme Court held that the residual clause definition of a violent felony, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. (ECF 1 ¶ 12.) Linares acknowledges that his "sentence is completed," and asserts that he did not file this motion earlier because *Davis* was not decided until 2019. (*Id.* ¶ 18.)

## DISCUSSION

### A.      Custody requirement

Linares does not appear to be in custody for the conviction he challenges. District courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2255(a). The Supreme Court of the United States has interpreted these

---

[1] Linares did not appeal his January 27, 2012, judgment of conviction, and it thus became final 14 days after entry of judgment, when the time to appeal expired. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Fed. R. App. P. 4(b)(1)(A). Under § 2255(f)(1), Linares had one year from the date that judgment became final to file a Section 2255 motion.

provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or

sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91

(1989); *see also Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) ("In order for a

federal court to have jurisdiction over a *habeas* petition, the petitioner must be 'in custody

pursuant to the judgment of a State court' at the time that petition is filed."). Where a criminal

defendant suffers from substantial restraints not shared by the general public, *habeas corpus*

relief is available. *See Maleng*, 490 U.S. at 491. Thus, defendants on supervised release may

pursue relief in a *habeas corpus* motion. *See, e.g.*, *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir.

2006) ("Post-release supervision, admitting of the possibility of revocation and additional jail

time, is considered to be 'custody.'"). But "once a sentence has been completely served and thus

expired, an individual is no longer 'in custody' under that conviction." *Valdez v. Hulihan*, 640 F.

Supp. 2d 514, 515 (S.D.N.Y. 2009) (citations omitted).

 Here, Linares's entire sentence – 70 months' incarceration and 3 years' supervised release

supervision – appears to have expired. Calculating from the date of his judgment of conviction,

January 27, 2012, Linares' conviction would have expired sometime in early 2021. If Linares is

no longer is "in custody" within the meaning of Section 2255, he cannot challenge the validity of

his conviction in this proceeding. *See Maleng*, 490 U.S. at 492.

 Linares is directed to file a declaration including any facts demonstrating that he is

currently "in custody" under the 2012 conviction that he seeks to attack here.

**B.** **Timeliness**

 Linares's application also appears to be time-barred. A federal prisoner seeking relief

under Section 2255 must generally file a motion within one year from the latest of four

benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-

created impediment to making such a motion is removed; (3) when the right asserted is initially

recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). Linares seeks Section 2255 relief under the Supreme Court's holdings in *United States v. Davis*, 139 S. Ct. 2319 (2019). The Supreme Court decided *Davis* on June 24, 2019. Under Section 2255(f)(3), Linares had one from the date of that decision, that is until June 24, 2020, to file a timely Section 2255 motion. Linares did not file this motion until May 20, 2022.

Should Linares choose to file a declaration, he is also directed to show why this motion should not be denied as time-barred. Linares should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for Section 2255 motions).

## CONCLUSION

Linares is directed to file a declaration within sixty days of the date of this order showing cause why the motion should not be denied because he is not in custody and because it is time-barred. For Linares' convenience, a declaration form is attached to this order. If Linares files a declaration within the time allowed, the Court will review it, and if proper, will order that the motion be served on Respondent. If Linares fails to comply with this order, the Section 2255 motion will be denied for the reasons set forth in this order. No answer will be required at this time.

Because Linares has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 27, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the first and last name of each plaintiff or
petitioner.

                              Case No. _____ CV _____

                    -against-

_____

_____

_____
Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____
   Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
   Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

   In the space below, describe any facts that are relevant to the motion or that respond to a court
   order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____            _____
Executed on (date)                 Signature

_____    _____
Name                                Prison Identification # (if incarcerated)

_____    _____    _____    _____
Address                             City                    State         Zip Code

_____    _____
Telephone Number (if available)     E-mail Address (if available)